

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2005

# Milano v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4069

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Milano v. Comm Social Security" (2005). *2005 Decisions*. Paper 372.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/372

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-4069

———————

ELVIRA MILANO,
                              Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil 01-cv-04881
District Judge:  The Honorable Mary Little Cooper

———————

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2005

———————

Before: SLOVITER, BARRY, and SMITH, Circuit Judges

———————

(Opinion Filed October 20, 2005)

———————

OPINION

———————


BARRY, Circuit Judge

        Elvira Milano ("Milano") appeals from an order of the United States District Court

for the District of New Jersey.  The District Court found that the decision of the

Commissioner denying Milano's application for disability insurance benefits was supported by substantial evidence, and affirmed that decision. Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Because we agree that there is substantial evidence in the record to support the Commissioner's decision, we will affirm.

## I. BACKGROUND

We write primarily for the parties, who are familiar with the facts and procedural history of the case, and so will limit our discussion to those facts bearing directly on our disposition of this appeal. Milano applied for disability insurance benefits alleging a degenerative disc disease of the cervical and lumbar spine, fibromyalgia,[1] and depression. The Administrative Law Judge ("ALJ") determined that she was not engaged in substantial gainful activity and was suffering from severe impairments, satisfying the first two steps of the five-step process for determining whether a claimant qualifies for disability benefits. *See* 20 C.F.R. § 404.1520. At step three, however, the ALJ found that

---

[1] "Fibromyalgia is a disorder that causes muscle pain and fatigue (feeling tired). People with fibromyalgia have 'tender points' on the body. Tender points are specific places on the neck, shoulders, back, hips, arms, and legs. These points hurt when pressure is put on them." National Institute of Health, National Institute of Arthritis and Muscoloskeletal and Skin Disease, *What is Fibromyalgia?* (March 2005), available at http://www.niams.nih.gov/hi/topics/fibromyalgia/fffibro.htm#a.

Milano's impairments did not meet or equal the requirements for a listed impairment. *See* 20 C.F.R. Part 404, Subpart P, App. 1. Proceeding to step four, the ALJ determined that Milano retained the residual functional capacity ("RFC")[2] to perform sedentary work, including her past relevant work as a secretary, and therefore was not disabled within the meaning of the Social Security Act. Milano challenges the ALJ's decision at steps three and four.

## II. DISCUSSION

With respect to step three, Milano argues that the ALJ found that her impairments did not meet or equal any Listing and did so without properly evaluating the medical evidence or articulating a basis for his finding. Failure to "identify[] the relevant listed impairments, discuss[] the evidence, or explain[] [the] reasoning" constitutes error requiring a remand. *Burnett v. Comm'r Soc. Sec. Admin.*, 220 F.3d 112, 119-20 (3d Cir. 2000). Here, however, the ALJ explicitly considered the arguably relevant Listings[3] and discussed the medical evidence, finding that the record did not contain the requisite specific medical documentation. (A.R. 16-18.) Before us, Milano has not attempted to show that her impairments meet or equal any specific Listing, and merely concludes that she has "severe medical conditions" that "might" do so. Appellant's Br. at 28. That is

---

[2] RFC "is defined as that which an individual is still able to do despite the limitations caused by his or her impairments." *Burnett v. Comm'r Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000).

[3] The ALJ gave "particular consideration" to Listings 1.00 (musculoskeletal impairments) and 12.00 (mental disorders). (A.R. 16).

3

simply not enough.  Accordingly, we reject her argument addressed to step three.

Turning to step four, the ALJ found that Milano retained the functional capacity to perform sedentary work on a sustained basis and to perform her past relevant work as a secretary.[4]  Milano argues that this finding was wrong not only as a matter of law but was not supported by substantial evidence.  With reference to the former, Milano claims that a person who must alternate between sitting and standing cannot be found to have an RFC to perform sedentary work.  Thus, the argument goes, the ALJ's finding that she "is capable of sitting up to 6 hours in a typical 8 hour work day, *but must move around every hour*" precluded a determination that she could perform her past work as a secretary. (A.R. 19 (emphasis added)).  We disagree.

Milano cites *Boone v. Barnhart*, 353 F.3d 203 (3d Cir. 2000), in which we found that "the requirement . . . that Boone's employment allow her the option to sit or stand at will every thirty minutes precludes her from performing 'the prolonged sitting

---

[4]  "The regulations define sedentary work as involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties. . . .  Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.  'Occasionally' means occurring from very little up to one-third of the time.  Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday."

Soc. Sec. Ruling No. 83-10 (1983).

contemplated in the definition of sedentary work.'" *Id*. at 210 (quoting Soc. Sec. Ruling No. 83-12 (1983)). There are, however, important distinctions between *Boone* and this case. In *Boone*, the claimant could only sit for thirty minutes at a time, while Milano can sit for an hour before needing to stand for five to ten minutes. Furthermore, the issue in *Boone* was whether Boone could perform other work available in the national economy, *i.e.* generic, hypothetical sedentary work.[5] Here, however, the ALJ was evaluating whether Milano could perform her past relevant work as a secretary, where she would be able to take hourly breaks if necessary.[6] "The regulations do not mandate the presumption that all sedentary jobs in the United States require the worker to sit without moving for six hours, trapped like a seat-belted passenger in the center seat on a transcontinental flight." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004). This is especially true when there is evidence in the record showing that such immobility is not

---

[5] Boone had satisfied the first four steps of the process, so the ALJ appropriately proceeded to step five. "At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity." *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

[6] Milano also cites *Mason v. Shalala*, 994 F.2d 1058 (3d Cir. 1993), asserting that "[t]his Court has noted the need to sit and stand throughout the working day would limit the ability to do the sitting required for sedentary work and reversed on such a finding." Rep. Br. at 11. This is a mischaracterization of our decision. In *Mason*, we reversed and remanded on the ground that there was insufficient evidence in the record to support the ALJ's factual finding that Mason could sit for six hours in an eight hour workday.

5

required in a specific job. The ALJ did not err as a matter of law in finding that Milano could perform sedentary work and, in particular, her past relevant work as a secretary.

Neither did the ALJ err as a matter of fact, and his conclusion that Milano could perform past relevant work was supported by substantial evidence. Two state agency physicians, who reviewed Milano's medical records, determined that she could stand and/or walk for about six hours in an eight hour day and that she could sit for about six hours.[7] One of the physicians found that she could lift up to twenty pounds occasionally, and ten pounds frequently; the other found that she could lift as much as fifty pounds. Both physicians' assessments support, at minimum, an RFC for sedentary work. Furthermore, the last – or one of the last – physicians to examine Milano before the hearing, while recognizing that she has "significant degenerative disease involving the cervical and LS spine," found "no swelling [of the joints], limitation of motion, or tenderness involving hands, wrists, knees or ankles." He also reported "normal motor strength testing of all major, proximal, [and] distal motor groups," as well as "[e]xcellent cervical and LS spine flexibility." (A.R. 236-37.) As the ALJ found, the reports of Milano's treating and examining physicians "provide substantial weight that [her] impairments do not impose such severe limitations on her functional capacity as to

---

[7] "State agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence." 20 C.F.R. § 404.1527(f).

preclude the performance of all work activity." (A.R. 19.) As also noted by the ALJ, Milano herself testified that she can sit for an hour, lift one half gallon, climb stairs, drive a car, and visit with friends.

As for Milano's complaint that the ALJ did not properly analyze her subjective complaints of pain and functional limitations, we once again disagree. When a claimant complains of pain and establishes the existence of a medical impairment that could reasonably be expected to produce the pain, the ALJ must "determine the extent to which [the] claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999). To make this determination, the ALJ may consider (1) daily activities; (2) the duration, frequency, location, and intensity of the pain or other symptoms; (3) precipitating and aggravating factors; (4) the "type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate [the] pain or other symptoms"; (5) "treatment, other than medication . . . received for relief of [the] pain or other symptoms"; (6) any other measures used to relieve the pain or symptoms; and (7) "other factors concerning . . . functional limitations and restrictions due to pain or other symptoms." 20 C.F.R. § 416.929(c)(3).

The ALJ "considered [Milano's] subjective complaints and allegations as to pain, discomfort and resulting limitations," and found them to be "generally credible when viewed in the record in its entirety, however, not to the extent alleged." (A.R. 18.) In reaching that conclusion, the ALJ noted that Milano's daily activities undermined her

7

assertions of severe disabling pain. Specifically, she lived alone, was capable of shopping and completing household chores, and engaged in activities such as driving, visiting friends, and going to movies. Moreover, the ALJ pointed out that she was not taking any prescription medication for pain, and had refused medication that had been prescribed to her for depression. Other treatments recommended by physicians were quite conservative: physical therapy and acupuncture, but not surgery.

Finally, we reject Milano's suggestion that this matter should be remanded under sentence six of 42 U.S.C. § 405(g) for consideration of additional medical evidence. Under sentence six of § 405(g), a remand is warranted "for good cause shown . . . but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). For evidence to be "material," it must "relate to the time period for which the benefits were denied, and . . . not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir. 1984).

Milano claims that recent medical reports and diagnostic tests have confirmed a right-sided cervical disc herniation and pain in her arm that "severely impacts on the quality of her life." Appellant's Br. at 39. These reports and tests were prepared between May 2001 to February 2003, *i.e.* after the ALJ held the hearing in February of 2001 and rendered his decision two months later. It certainly appears that these new records are

indicative of a "subsequent deterioration of the previously non-disabling condition." As noted by the District Court, "[w]hile the new evidence indicates Milano's condition has worsened, there is nothing to suggest her condition had reached this stage on or before the date of the ALJ's hearing."

The District Court did not err in denying the motion to remand, and we reject Milano's suggestion that we remand.[8]

### III. CONCLUSION

We will affirm the August 9, 2004 order of the District Court.

---

[8]The government states that where evidence may support a claim of disability after the period in review has closed, the claimant should file a new application for benefits. Appellee's Br. at 25 and n.6.